## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

In Re:  **CLARK, JAMES M., SR.,**                              Case No.: 12-30716PNS3

      Debtor                                                                   Chapter:      7

_____//

### AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL

**COMES NOW,** the Trustee, **SHERRY F. CHANCELLOR,** and files this her Amended

Application to Employ Special Counsel and in support thereof would state as follows:

1.      The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about

May 16, 2012.

2.      After the Meeting of Creditors and through discovery it was determined that there

were transferred and undisclosed assets that were potentially recoverable by the estate.

3.      The Trustee found it necessary to employ Jodi D. Cooke and the Law Firm of

Beggs and Lane to pursue the recovery of those assets.

4.      Ms. Cooke is an attorney licensed in the States of Florida and Alabama.  Ms.

Cooke is experienced in the areas of law in which the Trustee is in need of representation and is

well qualified to represent the estate's interest.  Ms. Cooke's offices are located at 501

Commendencia Street, Pensacola, Florida 32502.

5      The Trustee, Ms. Cooke and Beggs & Lane entered into a Fee and Representation

Agreement, a copy of which is attached hereto and incorporated herein by reference. The Trustee

believes that the terms and provisions therein are reasonable and it is in the best interests of the

estate the employ Ms. Cooke and Beggs & Lane to represent the Estate under the terms and

provisions therein.

6.      The Trustee was authorized to employ Ms. Cooke by virtue of the Order Granting

the Trustee's Application to Employ Special Counsel (Docket #180) dated August 15, 2013.

7.    The Trustee files this amended Application to Employ to clarify the terms and conditions of employment.

8.    The Trustee seeks authorization to retain Special Counsel for the purposes detailed above pursuant to 11 U.S.C. §327 which provides for the employment of professional persons.

9.    Ms. Cooke and Beggs & Lane have no interests adverse to the Trustee or the estate as evidenced in the Verified Statement attached hereto and incorporated herein by reference in accordance with 11 U.S.C. 11 U.S.C. §327(a) and (e).

10.    The Trustee requests that the estate be authorized to compensate Ms. Cooke and Beggs & Lane in accordance with 11 U.S.C. §328 specifically, paragraph (a) of the aforementioned section as it provides for compensation on a contingency basis as detailed in the attached Representation and Fee Agreement.  The terms and provisions of the fee agreement are reasonable and within the local standards.

11.    The Representation and Fee Agreement specifically includes, but is not limited to, the following provisions as it pertains to the payment of fees and costs:

    a.    Payment of fees shall be on a contingent basis.

    b.    The fees to be paid shall equal one-third (1/3 or 33.3%) of any gross recovery.

    c.    Costs shall be reimbursed only if there is recovery.

    d.    Payment shall be due upon recovery of funds and approval by the Court.

    Please review the Agreement for the balance of the terms and provisions.

    **WHEREFORE,** the Trustee respectfully prays that this Court will enter an Order and

therein to:

a.      Grant the Trustee's Amended Application to Employ Special Counsel nunc pro tunc to August 15, 2013, the date of the Court's original Order (Docket #180) authorizing the employment of Ms. Cooke.

b.      Authorize the Trustee to employ Jodi D. Cooke and the Law Firm of Beggs & Lane pursuant to 11 U.S.C. 327.

c.      Authorize the Trustee to pay Jodi D. Cooke and the Law Firm of Beggs & Lane in accordance with the Representation and Fee Agreement and pursuant to 11 U.S.C. §328.

d.      Grant any other and further relief that this Court may deem just and proper.

Respectfully submitted this the 11th  day of June 2014.

/s/ Sherry F. Chancellor
SHERRY F. CHANCELLOR
Florida Bar No. 434574
619 West Chase Street
Pensacola, Florida 32502
(850) 436-8445

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been provided to James Montgomery Clark, Sr. c/o William G. Kilpatrick, Jr., Esquire, 4476 Legendary Dr., Suite 201, Destin, Florida 32541, and all other parties in interest electronically or by U.S. Mail this the 11th day of June 2014.

/s/Sherry F. Chancellor
**SHERRY F. CHANCELLOR, TRUSTEE**
619 West Chase Street
Pensacola, Florida 32502
850-436-8445
Florida Bar No.: 434574

sherry.chancellor@yahoo.com

## VERIFIED STATEMENT

STATE OF FLORIDA
COUNTY OF _Escambia_

      BEFORE ME, the undersigned authority, personally appeared Jodi D. Cooke,

Esquire who (✓) is personally known to me or who ( ) has produced _____

as identification  and who, after being first duly sworn, deposes and says:

      1.    **JODI D. COOKE**, is an attorney licensed to practice in the States of

Florida and Alabama, with offices located at 501 Commendencia Street, Pensacola,

Florida 32502

      2.    The undersigned has read the foregoing application.

      3.    **JODI D. COOKE,** and the **LAW FIRM OF BEGGS AND LANE** have

no interests adverse to the Bankruptcy Estate of James Montgomery Clark, Case No.: 12-

30716 in the Northern District of Florida or the Trustee of said bankruptcy or the Office

of the United States Trustee as described in 11 U.S.C. §327.

      FURTHER AFFIANT SAYETH NAUGHT.

                _____
                JODI D. COOKE, ESQUIRE
                Beggs & Lane, Attorneys & Counselors at Law

      SWORN TO AND SUBSCRIBED before me this _11_ day of _June_,
2014.

                _____
                NOTARY PUBLIC

LEIGH HATHAWAY
Notary Public State of FL
Comm. Exp. Jan. 13, 2017
Comm. No. EE 858235

## REPRESENTATION AND FEE AGREEMENT

This Representation and Fee Agreement ("Agreement") is made August 9, 2013, between Sherry F. Chancellor, bankruptcy trustee for the estate of James Montgomery Clark, Sr. ("Client") and Beggs & Lane, RLLP (the "Firm").

WHEREAS, Client desires the Firm to represent her as special counsel for the bankruptcy estate of James Montgomery Clark, Sr. ("Estate"), Northern District of Florida bankruptcy case no. 13-30716-KKS ("Bankruptcy Case"), in connection with the investigation and pursuit of potential property of the Estate that was not disclosed, scheduled, or turned over by James Montgomery Clark, Sr. ("Debtor") upon filing his bankruptcy petition (collectively, the "Representation"); and

WHEREAS, the Firm agrees to so represent Client under the terms and conditions set forth below;

NOW, THEREFORE, in consideration of the covenants and conditions set forth below, and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto do hereby covenant and agree as follows:

1.    Acknowledgement. Client hereby employs the Firm to represent Client in connection with the Representation and the Firm hereby accepts such employment, upon the terms and conditions set forth herein.

2.    Scope of Representation: The Firm's Representation of Client under this Agreement shall include (a) the preparation, transmission and/or filing of any communication, pleading(s), or other document(s) necessary to investigate and/or pursue recovery of property of the Estate; (b) reviewing and responding to any communication, pleading(s) or other document(s) transmitted to Client by the Debtor, its counsel, interested third parties, their counsel, the United States Trustee, and/or the Bankruptcy Court with regard to the subject matter of the Representation; (c) negotiating potential settlement with regard to the subject matter of the Representation; and (d) appearing and/or arguing on behalf of Client at any and all depositions, court hearings and/or conferences with regard to the subject matter of the Representation. The Firm's Representation also shall include all conferences with Client and other parties, or attorneys for other parties, necessary for purposes of fulfilling these tasks. The Firm's Representation of the Client under this Agreement shall end upon the Bankruptcy Court's determination and/or resolution of all the issues presented to it and the Firm's compensation therefor, in accordance with paragraph 4 herein. The Firm's scope of Representation of Client as set forth in this paragraph shall hereafter be referred to as the "Representation."

3.    Client's Rights Statement. Client has, before signing this Retainer Agreement, received and read "A Consumer's Guide to Clients' Rights" (the "Client's Rights Statement") attached hereto and incorporated herein by reference, including without limitation the Statement of Client's Rights in Contingency Fee Cases contained therein, and Client understands each of the rights set forth therein. Client has signed the Client's Rights Statement and has received a fully executed copy to which to refer while being represented by the Firm.

4.    <u>Contingent Fee</u>. Client shall pay to the Firm, as attorneys' fees, a contingent fee equal to one-third (33.3%) of the "gross recovery" on behalf of the Client with respect to the Representation ("Contingent Fee"). Such Contingent Fee is due and payable at the time of recovery and upon approval by the Bankruptcy Court. The Contingent Fee shall be calculated based upon the gross recovery by Client, before all other deductions and/or distributions, including any Costs advanced by the Firm. This contingency fee applies to, and "gross recovery" includes, all sums paid to Client or obtained on Client's behalf with respect to the Representation, whether they are recovered by voluntary payment, award, judgment, settlement, bankruptcy proceedings, government-imposed reparations proceedings, or otherwise, and whether they are paid directly to Client, directly to the Firm, or jointly to Client and the Firm. Further, "gross recovery" is the value, at the time of settlement or collection, of any and all cash or property received, including but not limited to compensatory damages, punitive damages, interest, costs, and attorneys' fees, and is calculated on the total amount obtained before the deduction of Costs. If a court awards attorneys' fees, the Firm shall receive the greater of the contingent fee set forth above or such award as may be imposed by the court. In the event that Client receives payment directly from a responsible party or its agent with respect to the Representation, Client shall hold such payment in trust for the benefit of the Firm to the extent of the Costs and contingent fee due and owing to the Firm, and shall promptly pay to the Firm the Costs and contingent fee due the Firm with respect to such payment upon approval of the Bankruptcy Court. The Firm acknowledges that there may already be funds in the estate that predate its representation and makes no claim to said funds.

5.    <u>Costs</u>. Client agrees that the Firm may from time to time advance or incur costs (the "Costs") on behalf of the Client during the Representation. "Costs" shall include, but not be limited to, cash and non-cash expenditures for filing fees; subpoenas; court reporting services; depositions; witness fees; in-house and outside investigation services; expert witness fees; records and reports; Westlaw and other computer research and on-line service costs; photographs; in-house and outside photocopies; facsimiles; long-distance telephone calls; postage, federal express, UPS, and other overnight service charges; mediation fees; travel costs including, but not limited to, airfare, mileage, rental cars, lodging, meals, and other related expenses; in-house and outside trial exhibits; and in-house and outside multi-media. If a recovery is made, then Costs shall be paid out of the gross recovery amount. Unless a recovery is made, there will be no obligation by the Client to pay Costs; provided, however, that Client shall not unreasonably refuse to accept a settlement offer recommended by the Firm.

6.    <u>Disclosure Regarding Representation Of Other Clients</u>. The Firm hereby discloses and Client understands that, during the Representation, the Firm may be retained by other clients in other bankruptcy cases in which Ms. Chancellor may, in her individual capacity or as chapter 7 trustee, represent an adverse party. The parties agree that such other representation will not create a conflict with the Firm's Representation of the Client in this matter.

7.    <u>Withdrawal</u>. The Firm has made no guarantees regarding the successful conclusion of this matter. Client and the Firm agree that if, after investigation of the facts and research of the law, the Firm believes that Client's claims are of limited merit, the Firm may withdraw from the Representation prior to and without filing suit, upon approval from the Bankruptcy Court, and said withdrawal will release the Firm from any further action on Client's

claim and discharge the Firm from this Agreement. Withdrawal will be effective upon Bankruptcy Court approval thereof. After filing suit, the Firm may withdraw as permitted by the Bankruptcy Court. Upon termination of the Representation, the Firm shall take steps to the extent reasonably practicable to protect Client's interests, will give reasonable notice to Client, will allow time for employment of other counsel, and will surrender papers and property to which Client is entitled.

8. Three-Day Right to Cancel. This Agreement may be canceled by Client by written notification to the Firm at any time within three (3) business days after the day this Agreement was signed by all parties, which is the date first set forth above, and if so canceled the Client shall not be obligated to pay any attorney fees to the Firm for the work performed during that time. If the Firm has advanced funds to others in its representation of the Client, the Firm is entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the Client.

9. Waiver. Client and Firm agree that any waiver by either Client or the Firm of any right or provision under this Agreement shall not constitute a waiver of any such right or provision in the future.

10. Miscellaneous: This Agreement sets forth the entire agreement between Client and the Firm and all previous discussions, understandings, representations, negotiations and agreements related in any way, directly or indirectly, to the matters included in this Agreement are merged herein. Client and the Firm acknowledge and agree that this Agreement will be governed by and construed and interpreted in accordance with the laws of the State of Florida without regard to the conflicts of law provisions. Client and the Firm agree to submit to the exclusive jurisdiction of the Escambia County, Florida, state courts in connection with all suits, actions, proceedings or other disputes relating to this Agreement. Client, by signing this Agreement below, acknowledges that it has received a copy of the Agreement.

This Agreement shall be effective as of the day first written above.

BEGGS & LANE, RLLP                          SHERRY F. CHANCELLOR, TRUSTEE

By: _Jodi D. Cooke_                         By: _Sherry F. Chancellor, Trustee_
Jodi Daniel Cooke, Esq.                         Sherry F. Chancellor, Trustee

## A Consumer Guide to Client's Rights

This information about client's rights is being provided to you as a public service by the Florida Bar. To help prevent any misunderstandings between you and your lawyer, please read this pamphlet carefully.

The section, "10 Basic Rights," tells what you, as a client, are entitled to by law or by custom.

The "Statement of Client's Rights" was approved by the Florida Supreme Court in June 1986. It must be read and signed by both attorney and client in most contingency fee matters (that is, a case where the attorney's fee is a percentage of the amount awarded to the client). The "Waiver of the Constitutional Right Provided in Article 1, Section 26, Florida Constitution" and "Acknowledgment by Client for Presentation to the Court" were approved by the Florida Supreme Court and became effective January 1, 2007. Those must be signed and notarized if you are unable to find a lawyer or law firm to represent you at the contingency fee rates set out in the Florida Constitution for medical malpractice cases or if you want to hire a particular lawyer or law firm, but you cannot hire your choice of counsel at the contingency fee rates provided in the constitutional provision.

Before you enter into a contingency fee arrangement, read and understand this information. Many of the suggestions listed in the "Statement of Client's Rights" are helpful to those thinking about hiring an attorney in any situation, not just a contingency fee case.

If you ever have any question about your rights as a client, or about the way your case is being handled, ask your lawyer. He or she should be readily available to represent your best interests and keep you informed about your case.

## 10 BASIC RIGHTS

When I retain a lawyer, I am entitled to one who:

1 WILL be capable of handling my case.

2 WILL represent me zealously and seek any lawful means to present or defend my case.

3 WILL preserve my confidences, secrets or statements which I reveal in the course of our relationship.

4 WILL give me the right to make the ultimate decision on the objectives to be pursued in my case.

5 WILL charge me a reasonable fee and tell me, in advance of being hired and upon my request, the basis of that fee.

6 WILL show me courtesy and consideration at all times.

7 WILL exercise independent professional judgment in my behalf, free from compromising influences.

8 WILL inform me periodically about the status of my case and, at my request, give me copies of documents prepared.

9 WILL exhibit the highest degree of ethical conduct.

10 WILL refer me to other legal counsel, if he or she cannot properly represent me.

## Statement of Client's Rights in Contingency Fee Cases

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1.      There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2.      Any contingent fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three-day period, you may have to pay a fee for work the lawyer has done.

3.      Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4.      Before signing a contingent fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingent fee contract.

5.      If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case

2

and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6.    You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7.    You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs and expenses to the other side.

8.    You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement, your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9.    You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10.   You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11.   If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report the matter to the Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida.

For information on how to reach the Florida Bar, call (850) 561-5600 or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida

3

Statutes or under the Fee Arbitration Rule of the Florida Bar) be included in your fee contract.

By: _____

SHERRY F. CHANCELLOR, bankruptcy trustee for the
Estate of James Montgomery Clark, Sr.

Date: ___8/9/13_____

BEGGS & LANE, RLLP,
a Florida Registered Limited Liability Partnership

By: _____

JODI D. Cooke, Esq.

Date: __8/9/13_____

4