IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re: )
)
JAMES MONTGOMERY CLARK, SR., )   Case No.: 12-30716-KKS
)
Debtor. )   Chapter 7

**TRUSTEE'S AMENDED APPLICATION FOR COMPENSATION
FOR SPECIAL COUNSEL FOR TRUSTEE**

COMES NOW Sherry F. Chancellor as Chapter 7 Trustee ("Trustee") and files this her Amended Application for Compensation for Special Counsel for Trustee (amending Doc. 224), and in support thereof states as follows:

PROCEDURAL POSTURE

1. On May 16, 2012, the above-named Debtor filed a Petition for Relief under Chapter 7 ("Case"). The Trustee was appointed as chapter 7 trustee in the Case.

2. On August 21, 2013, the Trustee filed her initial Application for Employment of Special Counsel for Trustee [Doc. 179] ("Employment Application"), seeking to employ Jodi D. Cooke ("Ms. Cooke") as special counsel for the trustee to pursue possible fraudulent transfer and preference claims.

3. The Employment Application expressly stated that Ms. Cooke and/or her law firm "represents no interest adverse to the Trustee or to this Estate[.]" [Doc. 179, ¶ 5] A Verified Statement of Attorney for Trustee was filed with the Application, affirming that Ms. Cooke was disinterested and had no prior relationship with the U.S. Trustee's Office or the Trustee. [Doc. 79, p. 3]

1

4. The Employment Application also stated, in paragraph three (3):

> **The terms of employment include**, but are not limited to, **as set forth in the attached agreement**.

[Doc. 179, ¶ 3] (bold emphasis added).

5. The agreement attached to the Employment Application ("Agreement") stated, in relevant part, the following:

> [T]he Firm agrees to so represent Client under the terms and conditions set forth below;
>
> . . .
>
> 4. **Contingent Fee**. **Client shall pay to the Firm, as attorneys' fees, a contingent fee equal to one-third (33.3%) of the "gross recovery" on behalf of the Client with respect to the Representation ("Contingent Fee")**. The Contingent Fee shall be **calculated based upon the gross recovery by Client, before all other deductions and/or distributions, including any Costs advanced by the Firm**. This contingency fee applies to, and "gross recovery" includes, all sums paid to Client or obtained on Client's behalf with respect to the Representation, whether they are recovered by voluntary payment, award, judgment, settlement, bankruptcy proceedings, government-imposed reparations proceedings, or otherwise, and whether they are paid directly to Client, directly to the Firm, or jointly to Client and the Firm. Further, "gross recovery" is the value, at the time of settlement or collection, of any and all cash or property received, including but not limited to compensatory damages, punitive damages, interest, costs, and attorneys' fees, and is calculated on the total amount obtained before the deduction of Costs. **If a court awards attorneys' fees, the Firm shall receive the greater of the contingent fee set forth above or such award as may be imposed by the court**. In the event that Client receives payment directly from a responsible party or its agent with respect to the Representation, Client shall hold such payment in trust for the benefit of the Firm to the extent of the Costs and contingent fee due and owing to the Firm, and shall promptly pay to the Firm the Costs and contingent fee due

> the Firm with respect to such payment upon approval of the Bankruptcy Court.
>
> . . .
>
> 5. <u>Costs</u>. Client agrees that the Firm may from time to time advance or incur costs (the "Costs") on behalf of the Client during the Representation. "Costs" shall include, but not be limited to, cash and non-cash expenditures for filing fees; subpoenas; court reporting services; depositions; witness fees; in-house and outside investigation services; expert witness fees; records and reports; Westlaw and other computer research and on-line service costs; photographs; in-house and outside photocopies; facsimiles; long-distance telephone calls; postage, federal express, UPS, and other overnight service charges; mediation fees; travel costs including, but not limited to, airfare, mileage, rental cars, lodging, meals, and other related expenses; in-house and outside trial exhibits; and in-house and outside multi-media. **If a recovery is made, then Costs shall be paid out of the gross recovery amount. Unless a recovery is made, there will be no obligation by the Client to pay Costs**; provided, however, that Client shall not unreasonably refuse to accept a settlement offer recommended by the Firm.

[Doc. 179, ¶¶ 4-5] (bold emphasis added).

6. On August 15, 2013, the Court entered an Order Granting Trustee's Application for Employment of Special Counsel [Doc. 180] ("Employment Order").

7. All parties in interest, including Beach Community Bank, received notice of the Employment Application and the Employment Order. *See* Notice of Electronic Filing of Document 179, a true and correct copy of which is attached hereto as Exhibit "1" and incorporated herein by reference; Doc. 182.

8. No response or objection to the Employment Application or the Employment Order was filed by any party.

9. Over approximately nine (9) months, Ms. Cooke researched, investigated, and negotiated various potential avoidance claims ("Claims") against various parties, including the Debtor and other related parties, on behalf of the Trustee.

10. In March 2014, as a result of Ms. Cooke's efforts, the Trustee settled some of the Claims for $120,000.00. Such settlement was evidenced by the Motion for Approval of Compromise and Settlement [Doc. 200] ("Settlement Motion") filed by the Trustee on March 17, 2014. The Settlement Motion was served on negative notice in accordance with Local Bankruptcy Rule 2002-2. [Doc. 200, p. 1]

11. All parties in interest, including Beach Community Bank, received notice of the Settlement Motion. [Doc. 200, p. 5]

12. No response or objection to the Settlement Motion was filed by any party.

13. On April 14, 2014, the Court entered an Order Granting Trustee's Motion for Approval of Compromise and Settlement [Doc. 205] ("Settlement Order").

14. The settlement funds ("Proceeds") have been received by the Trustee.

15. On May 1, 2014, the Trustee filed an Application for Compensation for Special Counsel for Estate [Doc. 224] ("Fee Application"), seeking to compensate Ms. Cooke in accordance with the Agreement. The Fee Application was set for hearing on June 17, 2014. [Doc. 228]

16. On June 10, 2014, unsecured creditor Beach Community Bank ("BCB") filed an Objection to the Fee Application [Doc. 240] ("BCB Objection"), alleging that Ms. Cooke is not entitled to the requested compensation because she was not employed pursuant to 11 U.S.C. § 328. Specifically, BCB alleges:

  a. The Employment Application does not request to employ special counsel pursuant to § 328;

  b. The Employment Order does not approve a contingency fee pursuant to § 328; and

  c. The Employment Application does not provide specific or sufficient information regarding the fee structure approved by the Court.

[Doc. 240, ¶¶ 5 and 7]

 17. On June 11, 2014, the Trustee responded to the BCB Objection [Doc. 241] ("Trustee Response"), emphasizing that the Employment Application included the Agreement and that no objections to the Employment Application or the Employment Order had been filed.

 18. Ms. Cooke continues to prosecute other Claims on behalf of the Trustee, including adversary proceedings currently pending before both this Court and the Bankruptcy Court for the Northern District of Alabama. She has received no compensation to date for her services in this matter.

## LEGAL AUTHORITY

 19. Section 327 of the Bankruptcy Code states, in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (2014).

20.     Section 330 sets forth a general "reasonableness" standard for an award of compensation under section 327, requiring a court to consider such factors as "the time spent[,]" "the rates charged[,]" the benefit of the services, and the skill or experience level of the professional. 11 U.S.C. § 330(a)(3). "Reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses" may be awarded after proper notice and a hearing. *Id.* at § 330(a)(1).

21.     However, section 328(a) provides:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or **on a contingent fee basis**. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. 328(a) (2014) (bold emphasis added).

22.     "Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee . . . If prior approval is given to a certain compensation, § 328 controls and the court starts with

that approved compensation, modifying it only for developments unforeseen when originally approved." *See Lufkin, et al. v. National Gypsum Co. (In re National Gypsum)*, 123 F.3d 861, 862 (5th Cir. 1997). *See also In re Chewning & Frey Security, Inc.*, 328 B.R. 899, 911 (N.D. Ga. Bankr. 2005).

23. Neither this Court nor the Eleventh Circuit has addressed the question of exactly "how" prior approval to the types of compensation set forth in section 328 must be given by the court.

24. However, as explained by the Second Circuit in the most recent Circuit opinion, several other Federal Circuits have reached conflicting determinations on the issue:

> Although this Court has never discussed what kind of a showing is required to deem a retention order a pre-approval within the meaning of 11 U.S.C. § 328(a), several of our sister circuits have. [T]he Third Circuit held that the burden rests "on the applicant to ensure that the court notes explicitly the terms and conditions [of the retention] if the applicant expects them to be established at that early point." The Ninth Circuit adopted a even stricter approach, holding that "[t]o ensure that § 328 governs the review of a professional's fees, a professional must invoke the section explicitly in the retention application." In addition, the Ninth Circuit has required that the pre-approval be final, and not merely preliminary or conditional; retention orders reserving final substantive approval until after the representation concluded were not sufficiently definite to fall within the scope of section 328(a).
>
> The Sixth Circuit rejected this approach as being "too constrictive" and adopted a "totality of the circumstances" test. The court noted that **the Bankruptcy Code does not "mandate that the application specifically mention § 328 or that the court's approval order expressly and unambiguously state specific terms and conditions**." However, because a court cannot merely "infer [ ] § 328 pre-approval from the simple mention of a fee agreement in the debtor's motion for appointment," it must look at a multitude of factors, such as "whether the debtor's motion

> for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328."

*Riker, Danzig, Scherer, Hyland, and Perretti v. Official Committee of Unsecured Creditors (In re Smart World Technologies, LLC)*, 552 F.3d 228, 233 (2nd Cir. 2009) (internal citations omitted) (bold emphasis added).

25. The Second Circuit ultimately agreed with the Sixth Circuit approach, looking at the "totality of the circumstances" to determine that the order in *Smart World* had pre-approved fees under section 328. *Id.* at 233-234.

26. Additionally, the Fifth Circuit has expressly held that, by approving the terms of an employment agreement attached to an application to employ, a court has decided that such terms and conditions are reasonable under anticipated circumstances. *See National Gypsum*, 123 F.3d at 863. "By retaining the right to consider and approve the reasonableness and amount of DLJ's fees on both an interim and final basis, the court merely recite[s] its control of the compensation in the event of subsequent and unanticipated circumstances affecting the reasonableness of that agreed fee." *Id.* (internal quotations omitted).

REQUEST FOR COMPENSATION

27. As noted above, Ms. Cooke's ongoing legal services to this estate have resulted in receipt of $120,000.00 by the Trustee to date, in settlement of some of the Trustee's Claims.

28. There is no dispute that Ms. Cooke performed her obligations under the Agreement

29. The Trustee seeks to compensate Ms. Cooke for said services in accordance with the terms of the Agreement, which dictates the payment of attorneys' fees in the amount of $39,960.00 and costs of $154.62. Such compensation will only be shared with the other members of Ms. Cooke's firm.

30. Based on a totality of the circumstances, this Court pre-approved the payment terms set forth in the Agreement under section 328. While neither the Employment Order nor the Employment Application expressly invoked section 328, the vast majority of the facts surrounding Ms. Cooke's retention confirm the Trustee's intent to retain Ms. Cooke's on the terms set forth in the Agreement and this Court's pre-approval of such terms. Such facts include:

   a. The Employment Application specifically requested fee pre-approval under the terms set forth in the Agreement. *See Smart World Technologies*, 552 F.3d at 233; Doc. 179, ¶¶ 1 and 3.

   b. The phrase "contingent fee" or some variation thereof is used in the Agreement no less than nineteen (19) times. *See* Agreement.

   c. The Court's order expressly stated that it was addressing the Employment Application and authorized the Trustee to employ Ms. Cooke thereunder. *See* Doc. 180.

31. Moreover, the Trustee has submitted nearly identical applications to employ professional persons under section 328 in dozens of other cases before this Court over the years, each of which professional persons were eventually compensated in accordance with the terms of the attached agreements upon further application to the Court.

32. By approving Ms. Cooke's retention under the Employment Application, the Court approved the terms of the Agreement attached to the Employment Application. Such approval constituted a determination by the Court that those terms were reasonable. *See National Gypsum*, 123 F.3d at 863.

33. All parties in interest received notice of the Employment Application (including the Agreement) and the Employment Order, yet no objections were filed. *See* Ex. 1; Doc. 182.

34. There is no allegation that the terms and conditions of the Agreement and/or Ms. Cooke's retention have proven to be improvident in light of developments not capable of being anticipated at the time of entry of the Employment Order. Thus, Ms. Cooke should be compensated in accordance with the Agreement.

WHEREFORE, the Trustee respectfully requests that the Court approve its request to compensate Ms. Cooke as set forth herein, and grant her such further relief as the Court deems appropriate.

Submitted this 13th day of June, 2014.

./s/SHERRY F. CHANCELLOR  
**SHERRY F. CHANCELLOR**  
FL Bar No.: 434574  
619 W. Chase Street  
Pensacola, FL 32502  
(850) 436-8445

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Trustee's Amended Application for Compensation for Special Counsel for Trustee was served on this 13th day of June, 2014, via CM-ECF to all parties listed on the Court's electronic service list in the instant bankruptcy proceeding, and via regular U.S. Mail to Charles Edwards, Asst. U.S. Trustee, 110 East Park Avenue, #128, Tallahassee, FL 32301.

/s/ SHERRY F. CHANCELLOR
**SHERRY F. CHANCELLOR**
FL Bar No.: 434574
619 W. Chase Street
Pensacola, FL 32502
(850) 436-8445

```
MIME-Version:1.0
From:BKECF@flnb.uscourts.gov
To:FLNB_ECF_CourtMail@localhost.localdomain
Bcc: FL50@ecfcbis.com, WKThames@LTFLaw.com, akourofsky@logs.com, aminor@mcdowellknight.com, pholder@mcdowellknight.com, mkrscourtdocs@gmail.
Do not notice for BK case:

Message-Id:<5229228@flnb.uscourts.gov>
Subject:12-30716-KKS Application to Employ
```

Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Northern District of Florida**

Notice of Electronic Filing

The following transaction was received from Sherry Chancellor entered on 8/12/2013 at 3:14 PM EDT and filed on 8/12/2013
**Case Name:**    James Montgomery Clark, Sr.
**Case Number:**    12-30716-KKS
**Document Number:** 179

**Docket Text:**
Application to Employ Jodi D. Cooke (501 Commendencia Street, Pensacola, FL 32502) as Special Counsel filed by Sherry Chancellor. (Chancellor, Sherry)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Application to Appt. Special Counsel w fee agmt verified stmt.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1042227419 [Date=8/12/2013] [FileNumber=5229226-0
] [30fde06aefb1787d1d95796a2dab18ce631ba6715e76124d3048dcf9a4051820852
b026304bcaf8cce2a12e84a5514af9ead158e99f559abcf445384be5008d8]]

**12-30716-KKS Notice will be electronically mailed to:**

Philip Alan Bates on behalf of Plaintiff Pamela S Clark
pbates@philipbates.net, swalton@philipbates.net;wwest@philipbates.net

John C. Brock, Jr. on behalf of Creditor JPMorgan Chase Bank, National Association
jbrock@albertellilaw.com

Sherry Chancellor
sherry.chancellor@yahoo.com, FL50@ecfcbis.com

Sherry Chancellor on behalf of Plaintiff Sherry F. Chancellor
sherry.chancellor@yahoo.com, FL50@ecfcbis.com

Sherry Chancellor on behalf of Trustee Sherry Chancellor
sherry.chancellor@yahoo.com, FL50@ecfcbis.com

Sherry F. Chancellor on behalf of Plaintiff Sherry F. Chancellor
sherry.chancellor@yahoo.com, trusteeassistant@aol.com

Samuel Scott Critzer on behalf of Creditor BancorpSouth Bank
scritzer@critzerlaw.com

Richard M. Gaal on behalf of Creditor SE Property Holdings, LLC
rgaal@mcdowellknight.com, aminor@mcdowellknight.com;pholder@mcdowellknight.com;mkrscourtdocs@gmail.com

Jason E. Gilmore on behalf of Plaintiff Pamela S Clark
jgilmore@gattorney.com

William Glenn Kilpatrick, Jr. on behalf of Debtor James Montgomery Clark, Sr.
bill@fleetspencer.com, pattiz@fleetspencer.com;michelle@fleetspencer.com

William Glenn Kilpatrick, Jr. on behalf of Defendant James Montgomery Clark, Sr.
bill@fleetspencer.com, pattiz@fleetspencer.com;michelle@fleetspencer.com

Amber Mae Kourofsky on behalf of Creditor JPMorgan Chase Bank, National Association
bkfl@albertellilaw.com

Amber Mae Kourofsky on behalf of Creditor Regions Bank, d/b/a, Regions Mortgage
akourofsky@logs.com

Steven Gerald Powrozek on behalf of Creditor Regions Bank, d/b/a, Regions Mortgage
spowrozek@logs.com, electronicbankruptcynotices@logs.com

Robert Sterling Rushing on behalf of Creditor Beach Community Bank
rushing@carverdarden.com, battles@carverdarden.com

Robert Sterling Rushing on behalf of Plaintiff Beach Community Bank
rushing@carverdarden.com, battles@carverdarden.com

William Kenneth Thames, II on behalf of Creditor First Bank and Trust
WKThames@LTFLaw.com, ikerns@LTFLaw.com;jrobinson@LTFLaw.com

Allison Thompson on behalf of Creditor Fifth Third Bank
bkfiling@consuegralaw.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

William Von Hoene on behalf of Creditor Claude T. Mineo
debtawaynow@gmail.com

**12-30716-KKS Notice will not be electronically mailed to:**

Sherry F. Chancellor
Law of Sherry F. Chancellor
619 West Chase Street
Pensacola, FL 32502

FLORIDA DEPARTMENT OF REVENUE
Bankruptcy Unit
PO Box 6668
Tallahassee, FL 32314-6668