IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

JAMES MONTGOMERY CLARK, SR.

                DEBTOR.        CASE NO. : 12-30716-KKS
                                                Chapter 7
_____/

**AMENDMENT AND SUPPLEMENT TO OBJECTION TO CLAIM #8
FILED BY PAMELA S. CLARK (DOC 234)**

COMES NOW, through undersigned counsel and pursuant to 11 U.S.C. § 502, BEACH COMMUNITY BANK ("Beach Bank") files this Amendment and Supplement to its Objection to the Claim filed by Pamela S. Clark (Doc 234) and in support thereof states the following:

1.      On May 16, 2012, JAMES MONTGOMERY CLARK, SR. (the "Debtor") filed this bankruptcy case under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.      Beach Bank is an unsecured creditor of the Debtor and thus a party in interest.

3.      On October 12, 2012, Pamela S. Clark a/k/a Pamela S. Mellon ("Ms. Mellon") filed Claim #8 in the amount of $140,898.98 as a priority claim for domestic support obligations (the "Claim"). The total claim of $140,898.98 is itemized as alimony arrearage in the amount of $42,392.46 and a mortgage obligation in the amount of $98,506.52.

4.      The mortgage obligation in the amount of $98,506.52 of the Claim should be disallowed because it is not owed under a valid agreement between the Debtor and Ms. Mellon, or in the alternative, if it is owed, the mortgage obligation should not be entitled to priority because the money owed is not a domestic support obligation.

5.      The Marriage Settlement Agreement attached to the Claim clearly establishes that any mortgage obligation by the Debtor was part of a property/financial settlement and not a domestic support obligation.  See Claim 8-Part 3, Page 7 of 33.

6. Additionally, the mortgage obligations were only due from the Debtor until paid in full pursuant to the Marriage Settlement Agreement attached to the Claim. <u>See Claim 8-Part 3, Page 7 of 33.</u> Upon information and belief, the subject mortgage referenced in the Marriage Settlement Agreement attached to the Claim was refinanced by Ms. Mellon and paid in full at that time.

7. However, if the mortgage obligation was not paid in full as described in the Marriage Settlement Agreement, then it is not entitled to priority because it is not a domestic support obligation. <u>See Claim 8-Part 3, Page 7 of 33.</u>

8. Ms. Mellon relies upon a handwritten note by the Debtor, which is attached to the Claim to support her assertion that the mortgage obligation is a domestic support obligation. <u>See Claim 8-Part 2, Page 13 of 13.</u> Yet, the handwritten note is inconsistent with the Marriage Settlement Agreement that was ratified, approved and confirmed by the state court in the Final Judgment of Divorce both of which are attached to the Claim. <u>See Claim 8-Part 2, Page 8 of 13.</u>

9. Moreover, more than three years after the handwritten note by the Debtor, the Order on Petition to Modify attached to the Claim does not mention the Debtor's handwritten note or his mortgage obligation under the Marriage Settlement Agreement. <u>See Claim 8-Part 2, Page 2-7 of 13.</u> Thus, either the mortgage obligation was paid in full and satisfied or was still due as a property/financial settlement and not a domestic support obligation. Regardless, the state court never ordered the mortgage obligation as alimony and the only support to the contrary is a handwritten note by the Debtor.

WHEREFORE, Beach Bank respectfully requests this Honorable Court to sustain its Objection to Ms. Mellon's Claim as set forth above, and disallow the mortgage obligation in the amount of $98,506.52, or in the alternative, disallow its priority status, and for such other and further relief as this Court deems proper.

Dated July 29, 2014.

                    CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC

                    /s/ Robert S. Rushing
                    Robert S. Rushing, Esquire
                    Florida Bar No.: 0013946
                    801 W. Romana Street – Suite A
                    Pensacola, Florida 32502
                    Telephone: (850) 266-2300
                    rushing@carverdarden.com
                    Attorneys for BEACH COMMUNITY BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amendment and Supplement to Objection has been provided via the CM/ECF electronic court system and U. S. Mail this 29th day of July, 2014 to the following:

Philip A. Bates
Sarah S. Walton
Philip A. Bates, P.A.
25 West Cedar Street, Suite 550
Pensacola, FL 32502

William Glenn Kilpatrick, Jr.
Fleet, Spencer, & Kilpatrick, P.A.
36474-C Emerald Coast Parkway
Suite 3202
Destin, FL 32541
Attorney for Debtor

Sherry Chancellor, Trustee
Law Office of Sherry F. Chancellor
619 W. Chase Street
Pensacola, FL 32502

                    CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, LLC

                    /s/ Robert S. Rushing
                    Robert S. Rushing, Esquire
                    Florida Bar No.: 0013946
                    801 W. Romana Street – Suite A
                    Pensacola, Florida 32502
                    Telephone: (850) 266-2300
                    rushing@carverdarden.com
                    Attorneys for BEACH COMMUNITY BANK