IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

JAMES MONTGOMERY CLARK, SR.

                    DEBTOR.            CASE NO. : 12-30716-KKS
                                       Chapter 7

_____/

## BEACH BANK'S OPPOSITION TO THE MOTION FOR RELIEF FROM STAY (DOC 302) AND OPPOSITION TO THE OTHER RELIEF REQUESTED IN (DOC 302)

COMES NOW, BEACH COMMUNITY BANK ("Beach Bank"), by and through its undersigned counsel, and hereby responds to and opposes the Motion for Relief from Stay to Enforce the Domestic Support Obligations in State Court and for a Determination as to the Contested Mortgage Obligation and Motion to Stay Determination of the Contested Mortgage Obligation until the State Court's Ruling (the "Motion for Relief").  In support thereof, Beach Bank states the following:

### BACKGROUND

1.      On October 12, 2012, Pamela S. Clark a/k/a Pamela S. Mellon ("Ms. Mellon") filed Claim #8 in the amount of $140,898.98 as a priority claim for domestic support obligations under 11 U.S.C. § 507 (the "Claim"). The total claim of $140,898.98 is itemized as alimony arrearage in the amount of $42,392.46 and a mortgage obligation on the marital home in the amount of $98,506.52 (the "Mortgage Obligation").

2.      Beach Bank previously objected to the Mortgage Obligation of the Claim in the amount of $98,506.52 ("Beach Bank's Objection"). See Doc 263.  On August 27, 2014, this Court partially sustained Beach Bank's Objection and disallowed the Mortgage Obligation of the Claim in the amount of $98,506.52 as a priority claim. See Doc 283.

3.      This Court requested a supplemental brief as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim.  See Doc 283.

4.      This Court ordered Ms. Mellon and Beach Bank to file supplemental briefs and reply briefs to each party's supplemental brief as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim.  See Doc 283.

5.      The Court rescheduled the matter to be heard on October 22, 2014.  See Doc 282.

6.      On September 19, 2014, Ms. Mellon appealed this Court's decision partially sustaining Beach Bank's Objection and disallowing the Mortgage Obligation of the Claim in the amount of $98,506.52 as a priority claim. See Doc 292.

7.      On September 16, 2014, Ms. Mellon filed her supplemental brief as ordered by this Court as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim.  See Doc 290.

8.      Beach Bank also filed its supplemental brief on September 16, 2014 as ordered by this Court as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim.  See Doc 289.

9.      On September 26, 2014, Ms. Mellon filed her reply to Beach Bank's supplemental brief as ordered by this Court. See Doc 296.

10.     Beach Bank also filed its reply to Ms. Mellon's supplemental brief on September 26, 2014 as ordered by this Court. See Doc 297.

11.     On October 15, 2014, one week prior to the scheduled hearing, and after both parties submitted their required 4 briefs and this Court had the issue as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim under advisement, Ms. Mellon filed the Motion for Relief.

**MEMORANDUM OF LAW**

12.    Contrary to Rule 7000-1(b) of the Local Rules of this Court, Ms. Mellon's Motion for Relief consists of three separate requests for relief.

13.    First, Ms. Mellon requests relief from the automatic stay so that she may enforce her rights and remedies in domestic court and under state law with respect to domestic support obligations.

**MS. MELLON'S RELIEF FROM THE AUTOMATIC STAY SHOULD BE LIMITED TO COLLECTION OF ONLY THE ALIMONY ARREARAGE IN THE AMOUNT OF $42,392.46 FROM PROPERTY THAT IS NOT PROPERTY OF THE ESTATE.**

14.    Upon the filing of a bankruptcy petition, "an automatic stay applies to the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the bankruptcy petition was filed." *See In re White*, 2014 Bankr. LEXIS 3929, *4 (Bankr. M.D. Fla. 2014) (citing *In re Ware*, 562 Fed. Appx. 850, 852 (11th Cir. 2014)).   The automatic stay in bankruptcy is governed by 11 U.S.C. § 362.   Section 362(b) provides an exception from the automatic stay "of the collection of a domestic support obligation from property that is not property of the estate."

15.    A "domestic support obligation" is defined in 11 U.S.C. § 101(14A) as one that is "in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor. . . without regard to whether the debt is expressly so indicated." *Dodson v. Earnest*, 2013 Bankr. Lexis 5276 at Page 7 (Bankr. N.D. Fla. 2013).   The determination of whether a particular claim is one for support is controlled by federal bankruptcy law. *See Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). Bankruptcy courts are not bound by labels placed on marital settlement awards in state court and must consider the substance of the state court's ruling in order to determine whether the debtor's obligations are "in the nature" of alimony, maintenance or support.   *See Dodson v. Earnest*, 2013 Bankr. Lexis 5276 at Page 7 (Bankr. N.D. Fla. 2013).   *See also In re Reines*, 142 F.3d 970, 972 (7th Cir.

1998) ("whether or not the debt is a maintenance obligation is a matter of federal bankruptcy, rather than state, law").

16.    This Court previously ruled that the Mortgage Obligation was not a domestic support obligation when it sustained Beach Bank's Objection and disallowed the Mortgage Obligation of the Claim in the amount of $98,506.52 as a priority claim.  Thus, the only domestic support obligation is the alimony arrearage in the amount of $42,392.46.  Accordingly, any relief from the automatic stay should be limited to the collection of $42,392.46 from property that is not property of the estate.  Moreover, Ms. Mellon should be required to amend the Claim to apply a credit towards the alimony arrearage in the amount of $42,392.46 anytime she collects anything from property that is not property of the estate.

17.    Next, in the Motion for Relief, Ms. Mellon requests relief from the automatic stay for the state court to make a determination as to the Mortgage Obligation instead of this Court.

**MS. MELLON IS NOT ENTITLED TO RELIEF FROM THE AUTOMATIC STAY FOR THE STATE COURT TO MAKE A DETERMINATION AS TO THE MORTGAGE OBLIGATION INSTEAD OF THIS COURT.**

18.    Section 362(d)(1) sets forth the grounds for granting relief, and provides on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause. A movant seeking relief from the automatic stay under § 362(d)(1) must establish a prima facie case of cause of relief.  Specifically, a movant "must demonstrate a factual and legal right to the relief that it seeks." *See* 11 U.S.C. § 362(d)(1); *In re White*, 2014 Bankr. LEXIS 3929, *5 (Bankr. M.D. Fla. 2014).  Absent such showing, relief will be denied. *See id.* at * 6.  Whether a movant has demonstrated cause is a discretionary determination based on the totality of the circumstances.  *See id.* at *6; *Bruch v. Hall* (In re Hall), 2014 Bankr. LEXIS 3550 (Bankr. S.D. Ga. 2014).

19.    To determine whether to lift the stay so that a party may commence or continue litigation in another forum, courts generally balance the hardship to the creditor if the creditor is not allowed to proceed with the lawsuit, against the potential prejudice to the debtor, the

debtor's estate, and other creditors.  *See Groover v. R.J. Groover Constr., L.L.C.* (In re R.J. Groover Constr.), 411 B.R. 460, 463 (Bankr. S.D. Ga.2008); *Bruch v. Hall*, 2014 Bankr. LEXIS 3550 at \*\* 10-11; *In re Bible,* 110 B.R. 1002, 1006 (Bankr. S.D. Ga.1990) ("As a court of equity the bankruptcy court will be required to consider the impact of the stay on the parties and to consider the 'balance of hurt' in fashioning relief. The method of adequate protection may vary."). In applying this balancing test, courts have considered numerous factors, such as

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (11) whether the parties are ready for trial in the other proceeding; and
>
> (12) impact of the stay on the parties and the balance of harms.

*Bruch v. Hall* , 2014 Bankr. LEXIS 3550 (Bankr. S.D. Ga. 2014) (citing *In re R.J. Groover Constr., L.L.C.*, 411 B.R. 460, 464 (Bankr. S.D. Ga. 2008)).

20.     In the case at bar, 4 briefs have been submitted to this Court as to the allowance of the Mortgage Obligation as a general unsecured claim, Beach Bank's Objection and the Claim.  Additionally, the issue is not whether the Mortgage Obligation exists, but rather what is owed under the Mortgage Obligation.  The Debtor will have no incentive to address this issue in

state court.  The Trustee, Beach Bank and other creditors will be severely prejudiced in that they will be unable to appear in the state court to address this issue with Ms. Mellon.  The Trustee, Beach Bank, and other creditors will be deprived of their right to contest the Mortgage Obligation.  Thus, the Trustee, Beach Bank, and other creditors would be severely prejudiced.  Simply put, Ms. Mellon is unhappy with this Court's prior ruling, and after Beach Bank has expended fees and costs to brief the remaining issues as to the allowance of the Mortgage Obligation, Ms. Mellon wishes to change the forum to a more favorable forum where she does not have to address Beach Bank's Objection.

21.    Beach Bank's Objection would not be fully resolved because whether the Mortgage Obligation is a domestic support obligation and thus a priority claim is on appeal by Ms. Mellon to the District Court.

22.    Allowing the state court to determine the Mortgage Obligation would interfere with the bankruptcy case because of the reasons set forth above, and the fact this issue would prevent the Trustee from administering the case while waiting on the state court to rule on an issue that was fully briefed and under advisement by this Court.

23.    Allowing the state court to determine the Mortgage Obligation would not be in the interests of judicial economy and the expeditious and economical resolution of this litigation in that whether the Mortgage Obligation should be allowed or not has been fully briefed by all parties and under advisement by this Court.

24.    Ms. Mellon appears to be forum shopping.  The impact of the stay on the parties in this bankruptcy is minimal compared to the prejudice and harm to the Trustee and other creditors should Ms. Mellon be allowed to proceed in state court.

25.    Ms. Mellon's Motion for Relief should also be denied because she has not demonstrated cause for relief from stay.  In the Motion for Relief, Ms. Mellon merely raises issues that have already been decided by this Court.  Ms. Mellon is subject to the automatic stay and the Mortgage Obligation does not involve the collection of a domestic support

obligation.  Further, Ms. Mellon's argument that she may enforce her rights without obtaining relief from stay based upon the consent judgment entered in an adversary proceeding also lacks merit.  Neither the Trustee or Beach Bank was a party to the adversary proceeding, nor was the complaint in the adversary filed prior to her proof of claim.  See Doc 1 in Clark v. Clark, Adversary Case NO. 12-03048-WSS. The consent judgment in no way determines the validity of the Mortgage Obligation and the court made no determination of whether Ms. Mellon's claims were allowed, but only that those claims that are domestic support obligations shall not be discharged.  See Doc 13 in Clark v. Clark, Adversary Case No. 12-03048-WSS.

26.      Ms. Mellon requests that this Court grant relief from the automatic stay for "cause" to have the state court make a determination of the Mortgage Obligation.  See Doc 302, p. 5.  Ms. Mellon relies upon *Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir. 2001), a case which was an appeal of a determination of a domestic support obligation, not whether an obligation still exists.  Ms. Mellon mischaracterizes the court's holding in *Cummings*.  In the case at bar, this Court has already decided that the Mortgage Obligation is not a domestic support obligation, and disallowed the Mortgage Obligation in the amount of $98,506.52 as a priority claim.  See Doc. 283.  The Court only reserved ruling as to whether the Mortgage Obligation shall be allowed as a general unsecured claim i.e. whether or not the Mortgage Obligation is a valid debt.  Accordingly, the instant case is distinguishable from *Cummings* because in *Cummings*, the Eleventh Circuit was hearing an appeal from a determination that an obligation was not a domestic support obligation.

27.      It appears Ms. Mellon is unhappy with this Court's decision and would like a second chance to argue her case in state court.  However, as discussed above, Ms. Mellon has already appealed this Court's decision that the Mortgage Obligation is not a domestic support obligation, and disallowing the Mortgage Obligation in the amount of $98,506.52 as a priority claim.  See Doc 292.  Accordingly, Ms. Mellon's disagreement with this Court's order will be addressed via the appeal, and at this time she is not entitled to relief from the automatic stay for

the State Court to address an issue that this Court has already decided or to decide whether a general unsecured claim should be allowed.

28.     Ms. Mellon also relies on *Carver v. Carver*, 954 F.2d 1573, 1577-78 (11th Cir. 1992), a case which was an appeal of the district court's order affirming the bankruptcy court's decision to fine defendant former wife for willfully violating the automatic stay provisions of 11 U.S.C. § 362(a).  Defendant former wife and her attorney had filed a contempt action in state court against debtor, without realizing he had an ongoing bankruptcy case.  After being held in contempt by the state court, the debtor brought an action in the bankruptcy court for damages caused by the violation of the automatic stay provisions.  Accordingly, the Eleventh Circuit found that the bankruptcy court should have abstained from entertaining the debtor's request for relief. The court was not deciding whether a domestic support obligation existed or whether a general unsecured claim should be allowed.

29.     Finally, Ms. Mellon requests this Court to stay all proceedings in connection with the pending determination by the state court as to whether the Mortgage Obligation of the Claim in the amount of $98,506.52 shall be allowed as a general unsecured claim.  For the same reasons as set forth above, the stay should not be lifted to allow Ms. Mellon to obtain a determination as to the Mortgage Obligation; this Court should not grant a stay on any proceedings and should determine whether the Mortgage Obligation should be allowed as a general unsecured claim.

## CONCLUSION

30.     For the reasons set forth above, Ms. Mellon has failed to show cause as to why relief from stay should be granted, and Ms. Mellon should be prohibited from commencing a state court action to make a determination on the Mortgage Obligation.  Beach Bank and Ms. Mellon have both extensively briefed whether the Mortgage Obligation should be allowed.  This Court already determined that the Mortgage Obligation is not a domestic support obligation, and disallowed the Mortgage Obligation as a priority claim, which is the subject of a current appeal

by Ms. Mellon. Moreover, the determination of whether a particular claim is one for support is controlled by federal bankruptcy law. *See Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001).

31.     Ms. Mellon had ample time to raise the issue of the Mortgage Obligation long before this bankruptcy and during a year of litigation when she sought a previous modification to her divorce decree, but she failed to do so. Ms. Mellon has previously sought modification of her divorce agreement in state court, in which she never mentioned the alleged delinquent Mortgage Obligation, the handwritten note that she claims supports her claim, or the marital mortgage, which is satisfied.  If the automatic stay is lifted, the potential prejudice to the debtor, the debtor's estate, and the creditors, far outweighs the prejudice that Ms. Mellon will suffer by letting this Court rule on an issue that it previously heard argument and has been extensively briefed by both parties.  Granting such relief of stay will not result in a resolution of the issues raised and briefed in this case, and will interfere with the bankruptcy case and its administration. Beach Bank, the Trustee, other creditors would not be able to appear in state court in that action and represent its interests. Ms. Mellon is merely forum shopping or attempting to litigate issues that have been resolved previously by this Court.   Accordingly, Beach Bank respectfully requests that this Court deny Ms. Mellon's Motion for Relief.

WHEREFORE, BEACH COMMUNITY BANK respectfully requests that this Honorable Court deny the Motion for Relief from Stay to Enforce the Domestic Support Obligations in State Court and for a Determination as to the Contested Mortgage Obligation and Motion to Stay Determination of the Contested Mortgage filed by Ms. Mellon and for any all other relief this Court deems just and necessary.

*Signature page to follow*

CARVER, DARDEN, KORETZKY, TESSIER, FINN,
BLOSSMAN & AREAUX, LLC

/s/ Robert S. Rushing
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
801 W. Romana Street – Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
Attorneys for BEACH COMMUNITY BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Brief has been provided via the CM/ECF electronic court system and U. S. Mail this 5th day of November, 2014 to the following:

Jason E. Gilmore
Gordon, Dana, Knight & Gilmore, L.L.C.
600 University Park Place, Suite 100
Birmingham, Alabama 35209

William Glenn Kilpatrick, Jr.
Fleet, Spencer, & Kilpatrick, P.A.
36474-C Emerald Coast Parkway
Suite 3202
Destin, FL  32541

Sherry Chancellor, Trustee
Law Office of Sherry F. Chancellor
619 W. Chase Street
Pensacola, FL  32502

Philip A. Bates
Sarah S. Walton
Philip A. Bates, P.A.
25 West Cedar Street, Suite 550
Pensacola, FL 32502

CARVER, DARDEN, KORETZKY, TESSIER, FINN,
BLOSSMAN & AREAUX, LLC

/s/ Robert S. Rushing
Robert S. Rushing, Esquire
Florida Bar No.: 0013946
801 W. Romana Street – Suite A
Pensacola, Florida 32502
Telephone: (850) 266-2300
rushing@carverdarden.com
Attorneys for BEACH COMMUNITY BANK